# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY DAVIS,<br><br>        Plaintiff,<br><br>    vs.<br><br>R. WILSON, et al.,<br><br>        Defendants. | 1:16-cv-00605-EPG-PC<br><br>ORDER DENYING MOTION FOR PRELIMINARY INJUNCTIVE RELIEF, WITHOUT PREJUDICE<br>(ECF No. 3.) |

**I.    BACKGROUND**

Kelly Davis ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on April 29, 2016, together with a motion for preliminary injunctive relief.  (ECF Nos. 1, 3.)

On May 12, 2016, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (ECF No. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

Plaintiff's motion for preliminary injunctive relief is now before the Court.

## II. PRELIMINARY INJUNCTIVE RELIEF

The purpose of a preliminary injunction is to preserve the *status quo* if the balance of equities so heavily favors the moving party that justice requires the Court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal Courts are courts of limited jurisdiction, and as a preliminary matter, the Court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. As an initial matter, "a court has *no* power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) (emphasis added); S.E.C. v. Ross, 504 F.3d 1130, 1138-39 (9th Cir. 2007).

### Discussion

Plaintiff requests a Court order enjoining defendants from denying or delaying medical treatment to Plaintiff including "appropriate diagnostic procedures, appropriate specialist consultations and recommend[ed] procedure[s] and treatments deemed necessary, from denying or delaying prescription of appropriate and effective pain relief medications for lumbar disc(s) desiccation, hypertrophic degeneration, annular fissures and multiple central canal & bilateral neural forminal narrowing." (ECF No. 3 at 1:20-25.)

In this case, no defendant has yet made an appearance; it is not yet time for service of process in this case, which will then trigger defendants' obligation to file a response to the complaint. Whatever merit there might otherwise be to Plaintiff's request for a preliminary injunction, at this juncture the Court lacks personal jurisdiction over the defendants and it cannot issue an order requiring them to take any action. <u>Zenith Radio Corp.</u>, 395 U.S. at 110; <u>Ross</u>, 504 F.3d at 1138-39. Therefore, Plaintiff's motion must be denied. Plaintiff is not precluded from renewing the motion at a later stage of the proceedings.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for preliminary injunctive relief, filed on April 29, 2016, is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **August 18, 2016**            /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE