UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY DAVIS,<br><br>             Plaintiff,<br><br>       v.<br><br>R. WILSON AND J. LEWIS,<br><br>             Defendants. | 1:16-cv-00605-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br>(ECF NO. 10) |

   Kelly Davis ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on April 29, 2016, together with a motion for preliminary injunctive relief. (ECF Nos. 1 & 3). The complaint has not yet been screened. On August 19, 2016, the Court issued an order denying Plaintiff's motion for preliminary injunctive relief. (ECF No. 9). On September 1, 2016, Plaintiff filed a motion for reconsideration (ECF No. 10), which is now before the Court.

   Plaintiff states that the complaint has not yet been screened, and that the defendants have yet to respond to the complaint (Plaintiff hired a process server to serve the defendants). However, Plaintiff believes that the Court should reconsider its ruling on his motion for preliminary injunctive relief because "Plaintiff is suffering now." (Id. at p. 3).

Federal Rule of Civil Procedure 60(b) governs grounds for relief from an order:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

The Court is sympathetic to Plaintiff's plight. However, Plaintiff has failed to show that he meets any of the above-mentioned reasons for granting relief from the order denying his motion for a preliminary injunction. It appears that nothing has changed since the Court ruled on that motion. No defendants have made an appearance, and it is still not yet time for service of the complaint. Therefore, the Court still lacks personal jurisdiction over the defendants and cannot issue an order requiring them to take any action. Plaintiff argues that the case of Elrod v. Burns, 427 U.S. 347 (1976), allows the Court to exercise jurisdiction. However, Elrod is not applicable to the present situation because in Elrod there was no indication that that the injunction at issue was granted before the complaint was served and the defendants appeared. (Id.).

Accordingly, it is ORDERED that Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   **November 22, 2016**                    /s/ Erica P. Grosjean
                                                  UNITED STATES MAGISTRATE JUDGE