UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY DAVIS,<br><br>           Plaintiff,<br><br>      v.<br><br>R. WILSON and J. LEWIS,<br><br>           Defendants. | 1:16-cv-00605-EPG (PC)<br><br>ORDER DISMISSING CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(ECF NO. 13)<br><br>ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(g)<br><br>ORDER FOR CLERK TO CLOSE CASE |

Kelly Davis ("Plaintiff") is proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on April 29, 2016. (ECF No. 1). The Court dismissed the Complaint with leave to amend in a screening order dated December 16, 2016. (ECF No. 12). Plaintiff filed a First Amended Complaint on January 23, 2017 (ECF No. 13), which is before this Court for screening.[1]

**I.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

---

[1] On May 12, 2016, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c) (ECF No. 6), and no other parties have made an appearance. Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

**II.     SUMMARY OF FIRST AMENDED COMPLAINT**

In Plaintiff's First Amended Complaint, Plaintiff alleges that on or around March 16, 2015, Plaintiff notified prison medical staff that he was under constant excruciating pain. On April 16, 2015, Plaintiff was interviewed by medical. Plaintiff notified them of an MRI dated December 1, 2008, as well as other medical records, that confirmed that Plaintiff was in obvious pain, yet was being denied adequate pain management.

At some point in 2015, Defendant Doctor R. Wilson, who was aware of the prior medical records, refused to provide Plaintiff with the appropriate pain medication. Defendant

Wilson did, however, order a new MRI.

On October 14, 2015, Defendant Wilson received the new MRI results, which indicated severe damage of four discs of the lower lumbar spine. This damage caused sharp shooting pain. However, Defendant Wilson refused to alleviate the pain.

Furthermore, Defendant J. Lewis refused to correct the wrong and prevent further infliction of pain and injuries.

Plaintiff seeks a neuro specialist consult and pain management treatment such as tramadol and gabapentin for the duration of Plaintiff's lumbar conditions.

Plaintiff attaches exhibits to his complain, which include the results of the MRI indicating certain degenerative changes to the spinal discs. It does not include any prescription for pain medication, but includes a general information statement about annular tears, stating: "Your physician will likely recommend a variety of options, including physical therapy, hot/cold therapy, exercise, chiropractic treatment, massage, pain medications and others." The exhibits also include a 602 grievance related to Plaintiff's request for an MRI, which was filed before the MRI took place later in 2015. A Health Care Services appeal that was attached indicates that Plaintiff's "current medication profile indicates an active order for ibuprofen for pain management." None of the exhibits appear to mention the medications that Plaintiff requests in his First Amended Complaint.

### III.   ANALYSIS OF PLAINTIFF'S CLAIMS

#### A.   Legal Standards

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor,

490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires a plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), overruled on other grounds WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted).

Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi, 391 F.3d at 1058. Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

### B. Application to Plaintiff's First Amended Complaint

Plaintiff's allegations do not state a claim for violation of the Eighth Amendment's cruel and unusual punishment clause based on deliberate indifference to serious medical needs under these legal standards. Plaintiff alleges he is in significant pain and clearly disagrees with his doctors about his need for pain medication above what he is receiving now, which appears to be ibupropren. While Plaintiff may have a state law claim for negligence or medical malpractice, Plaintiff's allegations do not do not state a claim for violation of constitutional rights. There are no medical notes indicating that a medical professional believes Plaintiff needs to receive the medication he requests in his First Amended Complaint. There is thus no evidence that the defendants believed that Plaintiff required those pain medications, yet chose to purposefully disregard Plaintiff's medical needs. The Court also notes that Plaintiff received the MRI that was requested and has been seen by medical professionals. He is also receiving

some pain medication, although not the type that he is requesting. While the Court is sympathetic to Plaintiff's pain, Plaintiff's First Amended Complaint does not state a claim for violation of the Eighth Amendment.

## IV.   CONCLUSION

The Court finds that Plaintiff's First Amended Complaint (ECF No. 13) fails to state any cognizable claims upon which relief may be granted under § 1983. The Court previously granted Plaintiff leave to amend his complaint, with ample guidance provided by the Court. Plaintiff has now filed two complaints without stating any claims upon which relief may be granted under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Accordingly, IT IS HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983;

2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Coleman v. Tollefson, 135 S. Ct. 1759, 1763 (2015); and

3. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **February 2, 2017**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE